UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

"IN ADMIRALTY"

CASE NO.

In the Matter of the Complaint for Exoneration from or Limitation of Liability by FUTURE MANAGEMENT COMPANY LLC, and NICOLAS AULAR, as owner and beneficial owner of the 1999 Sea Ray 630 Sundancer motor vessel, bearing Hull Identification No. SERY0479G899,

      Petitioners.

_____/

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA:

Come now the Petitioners, FUTURE MANAGEMENT COMPANY LLC and NICOLAS AULAR (hereinafter "Petitioners"), by and through their undersigned counsel, and file their Complaint for Exoneration from or Limitation of Liability, as follows:

1. This is a case of admiralty and maritime jurisdiction. Venue is appropriate in this district as the underlying incident occurred in Miami-Dade County, Florida.

2. The subject vessel is a 1999 Sea Ray 630 Sundancer motor vessel bearing hull identification number SERY0479G889 (hereinafter "the subject vessel").

3. At all times material, Petitioners were the owner and beneficial owner respectively of the subject vessel.

4. At all times material, Petitioners exercised due diligence to make and maintain the subject vessel in all respects seaworthy and, at all times material, she was fit for the use in

which she was engaged until the occurrence of the incident hereinafter described.

5. Petitioners have been put on notice of multiple claims against them arising out of an incident occurring on or about November 20, 2022, on navigable waters in the vicinity of Miami Beach, Florida.

6. On or about November 20, 2022, the subject vessel was being operated under a bareboat charter agreement, under the exclusive control of the charterer, Oprahstine Ewing-Brown (hereinafter "Ewing-Brown"), when there was an incident in which the vessel came in contact with a draw bridge (the "Incident") allegedly resulting in bodily injuries and resulting damages to multiple persons. No person associated with Petitioners was aboard the vessel or otherwise involved with the happening of the incident.

7. Petitioners are entitled to seek relief under 46 U.S.C. 30505 et seq.

8. No act or omission by Petitioners contributed in any way to the cause of the incident.

9. The aforesaid injuries and damages were not caused or contributed to by any fault, negligence or lack of due care by Petitioners or the subject vessel.

10. The aforesaid injuries and damages were done, occasioned and incurred without the privity and knowledge of Petitioners.

11. Petitioner, NICOLAS AULAR, was served with a lawsuit brought by eight claimants asserting various claims allegedly arising from this incident. See, Amended Complaint attached hereto as **Exhibit "1"**.

12. Petitioners do not know the total dollar value of the claims alleged in the Amended Complaint attached hereto as Exhibit "1" or from any additional claims that may be made resulting from the above-described incident. However, Petitioners anticipate, fear, and believe that lawsuit and claims asserted against them seek amounts exceeding the total sum or sums for which

Petitioners may be legally responsible or may be required to pay under the applicable statutes governing exoneration from or limitation of liability.

13.     To Petitioners' knowledge, as of filing of this Complaint, the Vessel has not been attached or arrested.

14.     On or about December 22, 2023, claims were asserted against the Petitioner, NICOLAS AULAR, and the charterer's captain, DENNIS ARAYA, by multiple claimants, including Oprahstine Ewing-Brown, Shai Brown, Otziyon Davis, Jaleesa Gillespie, Takila Holland, Jose Martinez, Maria Mendoza and Shauntay Sheppard, for personal injuries allegedly sustained as a result of or arising from the Incident. See, Complaint for Damages, attached hereto as **Exhibit 2**.  The Complaint was the first written notice of claims received by Petitioners.

15.     The entire agreed amount of Petitioners' interest in the vessel does not exceed the sum of  $35,000.00, and there is no pending freight.  See, Affidavit of Value attached hereto as **Exhibit 3**.

16.     Subject to any appraisal of its interest upon reference, Petitioners herewith deposit with the Court, as security for the benefit of the Claimants, an Ad Interim Stipulation of Value and Stipulation for Costs in the sum of $35,000.00, plus interest at 6% per annum from November 20, 2022 and costs, said sum being the value of Petitioners' interest in the Vessel plus interest and costs. The Ad Interim Stipulation and Stipulation for Costs is attached hereto as **Exhibit 4**.

17.     Petitioners claim Exoneration from Liability for any and all damages, injuries and fatalities caused by the Incident involving the subject vessel, and for any and all claims therefrom. Petitioners allege they have valid defenses thereto on the facts and on the law.

18.     Petitioners, without admitting but affirmatively denying all liability, claim  the benefits of the Limitation of Liability provided for in 46 U.S.C. § 30505 et seq., and the various statutes supplemented thereto and amended thereof, and to that end deposits with the Court,  as

security for the benefit of claimants, the Ad Interim Stipulation of Value and Stipulation for Costs as sufficient security for the benefit of the claimants, for the amount of $35,000.00 representing the value of their interest in the vessel, as provided by the applicable statutes, Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims, and by the rules and practices of this Honorable Court.

19.     If it later appears that Petitioners may be liable and the amount or value of Petitioners' interest in the vessel is not sufficient to pay all losses in full, then claimants shall share pro rata in the aforesaid sum, saving claimants any rights of priority they may have as ordered by this Court, or as provided by the aforesaid statutes, or by the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims and by the rules and practices of this Honorable Court.

20.     Pursuant to the provisions of Supplemental Rule F, this action was originally filed within six (6) months of the first receipt of written notice of claim by Petitioners.

21.     All and singular these premises are true and correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

**WHEREFORE,** Petitioners pray:

(1)     That this Court issues a Notice to all persons asserting claims with respect to which the Complaint seeks relief admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for the Petitioners a copy thereof on or before a date to be named in the Notice and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, they shall file and serve on the attorneys for Petitioners an answer to the Complaint on or before the said date, unless their claim has included an answer, so designated.  A proposed Notice to Claimants is attached as **Exhibit 5**.

(2)      That this Court enjoins the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Petitioners, as aforesaid, and/or against the Vessel or against any property of the Petitioners except in this action, to recover damages for or in respect of any damages or injuries caused by or resulting from the aforesaid incident involving the Vessel, or otherwise done, occasioned or incurred as a result of the aforesaid incident involving the Vessel.

(3)      That this Court issue an Order approving the above-described Ad Interim Stipulation of Value and Stipulation for Costs as security for the amount or value of Petitioners' interest in the aforesaid Vessel until such time the Court causes due appraisement to be made of the amount of the value of Petitioners' interest in the Vessel.

A proposed Order Approving the Ad Interim Stipulation of Value and Stipulation for Costs, directing issuance of notice and restraining suits is attached as **Exhibit 6**.

(4)      That this Court in this proceeding will adjudge that the Petitioners are not liable to any extent for any damages or injuries, or for any claim whatsoever in any way arising from or in consequence of the aforesaid incident involving the Vessel, or if Petitioners shall be adjudged liable, then that such liability be limited to the amount or value of Petitioners' interest in the Vessel, as aforesaid, and that Petitioners be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided pro rata according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging Petitioners from all further liability.

(5)      That Petitioners may have such other, further or different relief as may be just.


Dated:  May 14, 2024

<div style="margin-left:45%">

*Respectfully submitted,*

s/Juan C. Perez
**Juan C. Perez**
Florida Bar No. 91581
jperez@admiral-law.com
HORR, SKIPP & PEREZ, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Blvd.
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile:  (305) 670-2526
*Attorneys for Petitioners*

</div>